**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOHAMMED IBRAHIM,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1250 |

**OPINION**

Pending before the court is a second habeas petition filed by counsel on behalf of Petitioner Mohammed Ibrahim ("Ibrahim" or "Petitioner") on June 29, 2026 (ECF No. 1). Respondents filed a response in opposition to the motion (ECF No. 4) and Ibrahim filed a reply brief (ECF No. 5). The court ordered respondents to file a supplemental response to address the merits of the second petition (ECF No. 6). The supplemental response was filed on August 11, 2026 (ECF No. 7). The second habeas petition is ripe for decision.

Background

Ibrahim, a citizen of Sudan, has been detained since his arrival in the United States on October 28, 2024. On September 24, 2025, an immigration judge denied his applications for asylum or withholding of removal and ordered him removed to Sudan. Ibrahim appealed and that appeal remains pending at the Board of Immigration Appeals ("BIA").

Ibrahim's first petition was filed in the United States District Court for the District of New Jersey, the district in which Ibrahim was detained at that time. The court granted the petition in part and ordered that Petitioner receive an individualized bond hearing. *Ibrahim v. Rokosky*, No. CV 25-17189, 2026 WL 296506 at *4 (D.N.J. Feb. 4, 2026). A bond hearing was

held on February 9, 2026, at which the immigration judge found that Respondents proved by clear and convincing evidence that Ibrahim was a flight risk. (ECF No. 1-6). The government withdrew its contention that Ibrahim posed a danger to the community. (ECF No. 1-7 at 19). On April 8, 2026, the court entered an opinion and order denying Ibrahim's motion to enforce, concluding that the bond hearing was fundamentally fair. *Ibrahim v. Rokosky*, No. 25-CV-17189, 2026 WL 948230, at *1 (D.N.J. Apr. 8, 2026).

In late June 2026, Ibrahim was transferred to the Moshannon Valley Processing Center ("Moshannon"). In the second habeas petition, Ibrahim, a citizen of Sudan, admits that he received a bond hearing as requested in his first petition. He argues, however, that this petition presents a new claim based upon his continued detention, which is now approximately 21 months. Ibrahim's counsel represents that the second petition presents a single claim based on the contention that "prolonged detention under § 1226(a) violates substantive due process" and seeks release. (ECF No. 5 at 7).

<u>Discussion</u>

Respondents argue the petition should be denied. They contend: (1) it is moot because he already received a fundamentally fair bond hearing; (2) the second petition constitutes "abuse of the writ"; and (3) Ibrahim asserted his argument based on the "*German Santos* factors" in his first petition.[1] (ECF No. 4). In response to the court's order, Respondents filed a supplement,

[1] *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment).

contending that under *German Santos* and *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018),[2] there is no constitutional violation.

The court accepts the representation of Ibrahim's counsel that the second petition raises a new claim related to his prolonged detention and is not moot or an abuse of the writ. The court will consider the second petition on its merits.

As an initial matter, the court notes that the proper analysis for determining when continued detention after an initial bond hearing might result in a constitutional violation remains an open issue. *See Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026):

> The Third Circuit has not squarely decided when, if ever, due process requires a new bond hearing for a detainee held under 8 U.S.C. § 1226(a) after an initial bond hearing. *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that [petitioner's] due process rights were not violated."). Put another way, the Third Circuit did not impose an absolute bar to a second bond hearing in every Section 1226(a) case but rather, it left open whether additional process may be required

[2] This court summarized *Borbot* in *Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023 (W.D. Pa. June 3, 2026):

> In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279. The court explained: "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

*Id.* at *1.

> where the facts show that continued detention has become constitutionally unreasonable despite an earlier bond hearing.

*Id.* at *2. In *Fadel*, the court decided to apply the *German Santos* factors. *Id.*

The court will apply the *German Santos* factors in this case, albeit with two caveats. First, the relief available under *German Santos* is an individualized bond hearing, not release. *German Santos*, 965 F.3d at 210 ("DUE PROCESS AFFORDS ALIENS DETAINED UNDER § 1226(C) A BOND HEARING ONCE DETENTION BECOMES UNREASONABLE"). Ibrahim did not cite any mandatory authority for this court to order Ibrahim's release. The majority rule in this circuit limits relief to a bond hearing. *See Diarra v. Immigrations and Customs Enforcement*, No. 3:26-CV-01885, 2026 WL 2268287, at *3 (M.D. Pa. Aug. 6, 2026) ("Courts in this circuit have found that where a petitioner entitled to receive a bond hearing, receives one, and is adjudicated to be a flight risk or danger, the Court cannot provide further relief absent a challenge to the constitutional adequacy of the bond hearing.") (collecting decisions for the proposition that "[t]he remedy under *German Santos* is not release; it is the court ordering an individualized bond hearing"). In this case, the New Jersey court determined that Ibrahim received a fundamentally fair bond hearing in April 2026.

Ibrahim cites *Vasquez Gonzalez v. Oddo*, No. 3:25-CV-424, 2026 WL 1139544 (W.D. Pa. Apr. 28, 2026), for the proposition: "Pre-removal order immigration detention, at some point, may become so prolonged that it offends due process. Without additional significant and individualized justification, supported by robust procedural protections, it may be remedied only by outright release. " *Id.* at *4. That decision is factually distinguishable. It involved a pre-removal order detention of more than three years, caused in substantial part by delays by the government. In this case, by contrast, Ibrahim is subject to a removal order and he received an individualized bond hearing in April 2026.

Second, to the extent Ibrahim is arguing that he has a constitutional right to a renewed bond hearing in which the government bears the burden of proof, that argument is contrary to *Borbot*. *See Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). *German Santos* (which places the burden on the government) involved detention under § 1226(c), not § 1226(a). *See Borbot*, 906 F.3d at 279 (explaining differences in the statutes). In any event, the court notes that Ibrahim already received the benefit of an individualized bond hearing at which the government was required to prove his detention was warranted by clear and convincing evidence.

With respect to the first (and most important) *German Santos* factor, the duration of the detention, the parties agree that Ibrahim has been detained for approximately 21 months, since October 28, 2024. Ibrahim is subject to a removal order. Detentions of similar duration have been held to not offend the constitution where the removal process is proceeding and the government did not improperly delay it. *See Espinosa-Almonte v. Sabol*, No. 1:12-CV-2514, 2013 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (detention pending removal for 21 months not excessive). Ibrahim received a constitutionally adequate bond hearing in April 2026, at which government proved by clear and convincing evidence that Ibrahim poses a flight risk. The length of his detention since the individualized bond hearing is approximately four months. The fact that Ibrahim recently received an individualized bond hearing, although not mooting the second petition, weighs in favor of Respondents.

The second factor, whether the detention is likely to continue, is neutral. Ibrahim points out that he filed an appeal to the Board of Immigration Appeals, which remains pending. In accordance with the third factor, any delay resulting from Ibrahim's good-faith challenge to his removal will not be held against him. Neither party provided any information about the expected length of the appeal process. Ibrahim did not produce any evidence that Respondents are causing delay.

With respect to the fourth factor, Ibrahim is being detained at Moshannon. There are certainly aspects of the conditions at Moshannon that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Ibrahim's conditions of confinement that are meaningfully different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Ibrahim is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Ibrahim's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Upon weighing the *German Santos* factors, the court concludes that on this record, Ibrahim failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, Ibrahim received an individualized bond hearing in April 2026, at which the court placed the burden on the government. The relief available under *German Santos* would be another bond hearing. The petition will be denied without prejudice to Ibrahim's ability to seek relief at a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

Conclusion

For the reasons set forth above, the second petition for habeas relief filed by Ibrahim (ECF No. 1) will be denied.

An appropriate order follows.

Dated: August 20, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge